People v Wilson (2020 NY Slip Op 51241(U))

[*1]

People v Wilson (Tiara)

2020 NY Slip Op 51241(U) [69 Misc 3d 133(A)]

Decided on October 23, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 23, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570287/17

The People of the State of New York,
Respondent,
against
Tiara Wilson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Barbara F. Newman, J.H.O.), rendered March 27, 2017, convicting her, upon a
plea of guilty, of violating Public Health Law § 229, and imposing sentence.

Per Curiam.
Judgment of conviction (Barbara F. Newman, J.H.O.), rendered March 27, 2017, reversed,
on the law, the plea vacated, accusatory instrument dismissed and fine, if paid, remitted.
The information was not jurisdictionally defective. It contained nonconclusory factual
allegations which, if true, established every element of the simple trespass offense charged
(see Penal Law § 140.05) and the defendant's commission thereof, and supplied
defendant with sufficient notice of the charged offense to satisfy the demands of due process and
double jeopardy (see People v Middleton, 35 NY3d 952 [2020]; People v
Wheeler, 34 NY3d 1134, 1135 [2020]).
The information recites that on a specified date and time, defendant knowingly entered and
remained on the "roof" of 291 East 3rd Street, despite a "sign clearly posted on the entrance to
[the] roof stat[ing] 'unlawful to enter roof.'" The information further alleges that defendant was
cohosting a party on the roof.
However, we agree with defendant that the record fails to support the conclusion that her
guilty plea was knowing, intelligent and voluntary. The court did not ask defendant any questions
during the plea proceeding and defendant did not speak; nor was defendant advised of any
constitutional rights she was waiving (see People v Moore, 24 NY3d 1030 [2014];
People v Tyrell, 22 NY3d 359, 365—366 [2013] ["[p]resuming waiver from a
silent record is impermissible" (citation omitted)]). Given the relatively minor nature of the
non-criminal violation here charged, we dismiss the accusatory instrument (see People v
Burwell, 53 NY2d [*2]849, 851 [1981]). We note that the
People have declined to submit a respondent's brief on this appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 23, 2020